**IN THE COURT OF APPEALS OF IOWA**

No. 14-2171
Filed March 9, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**DEMARCUS RAY MCLEMORE,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Black Hawk County, James C. Bauch, Judge.

　　　　Demarcus Ray McLemore challenges the legality of the sentence imposed following resentencing on his second-degree-murder conviction. **AFFIRMED.**

　　　　Lisa A. Allison of Allison Law Firm, L.L.C., Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

　　　　Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Demarcus Ray McLemore challenges the sentence imposed on his conviction for second-degree murder, an offense he committed when he was seventeen years old. After pleading guilty to the 1998 crime, McLemore was sentenced to a term of not more than fifty years in prison and was ordered to serve a mandatory minimum of eight-five percent of his sentence before becoming eligible for parole. In 2014, McLemore was resentenced pursuant to *Miller v. Alabama* and its progeny,[1] which require that juvenile offenders receive individualized sentencing hearing before a lengthy, mandatory-minimum sentence is imposed. The district court imposed a sentence of no more than fifty years in prison and required that McLemore serve seventy percent of his sentence before becoming eligible for parole.

On appeal, McLemore contends his sentence is illegal and violates the Iowa Constitution's prohibition on cruel and unusual punishment because under the law at the time of his resentencing, a person under the age of eighteen who commits first-degree murder is eligible for parole after twenty-five years, *see* Iowa Code § 902.1(2)(a) (2013) (stating a person convicted of a class "A" felony who was under the age of eighteen at the time of the offense shall be eligible for parole after twenty-five years), while a person under the age of eighteen who

---

[1] *See Miller v. Alabama*, 132 S. Ct. 2455, 2469 (2012) (holding a sentence of mandatory life imprisonment without the possibility of parole is unconstitutional under the Eighth Amendment when applied to a juvenile offender); *State v. Lyle*, 854 N.W.2d 378, 400 (Iowa 2014) (reaching the same conclusion as *Miller* after analyzing under the Iowa Constitution); *State v. Null*, 836 N.W.2d 41, 72 (Iowa 2013) (applying *Miller* to cases involving a lengthy term-of-years sentence); *State v. Pearson*, 836 N.W.2d 88, 96 (Iowa 2013) (holding a sentence of thirty-five years without the possibility parole on two counts of burglary and two counts of robbery violates *Miller* principles); *State v. Ragland*, 836 N.W.2d 107, 121-22 (Iowa 2013) (applying the *Miller* holding to sentences that are the functional equivalent of life without parole).

commits second-degree murder may be required to serve thirty-five years in prison before being eligible for parole, *see* Iowa Code §§ 707.3 (setting the maximum sentence for a person who commits second-degree murder at not more than fifty years in prison), 902.12(1) (requiring a person convicted of second-degree murder to serve at least seven-tenths of the maximum term before being eligible for parole). Following McLemore's appeal, our supreme court severed the statutory provisions that prescribed a mandatory minimum sentence for juvenile offenders who commit first-degree murder. *See State v. Louisell*, 865 N.W.2d 590, 599-600 (Iowa 2015). In his reply brief, McLemore concedes the *Louisell* ruling remedies the defect that he alleged rendered his sentence unconstitutional.

McLemore raised only the "cruel and unusual punishment" claim in his initial appeal brief. Rather than address that argument, the State analyzes the propriety of McLemore's sentence under the *Miller* factors. *See Lyle*, 854 N.W.2d at 404 n.10 (listing the factors). In his reply brief, McLemore raises an alternative ground of error: he complains that in determining the likelihood he can be rehabilitated, the district court reviewed the "actual data" contained in his prison record and presentence-investigation report concerning his conduct over the past fifteen years rather than predicting how McLemore might fare based on the record available at the time of his initial sentencing in 1999.

We do not typically consider arguments raised for the first time in a reply brief. *See State v. Terry*, 569 N.W.2d 364, 369 (Iowa 1997). McLemore claims it is permissible as a response to an issue the State raised for the first time in its appeal brief, citing *State v. Carroll*, 767 N.W.2d 638, 644-45 (Iowa 2009).

However, the facts of *Carroll* are distinct from the facts before us, rendering its holding inapplicable here. In *Carroll*, the defendant raised ineffective-assistance claims relating to an allegedly illegal search and the sufficiency of the State's evidence. 767 N.W.2d at 644. The State argued that the defendant's guilty plea waived any challenge to constitutional infirmities that occurred before he entered his plea. *See id.* The supreme court held that under those circumstances, the defendant could raise a challenge to the adequacy of counsel's representation based on what the defendant alleged to be an involuntary and unintelligent guilty plea for the first time in his reply brief as a response to the State's waiver argument. *See id.* at 644-45. Here, McLemore was not responding to the State's attack on a claim properly before us. The State's briefing of a separate issue, wholly unrelated to the claim McLemore raised in his initial brief, did not open the door for McLemore to raise a new claim for the first time in his reply brief after his initial argument was vitiated by the *Louisell* holding.

Finding no merit on any claim properly before us, we affirm.

**AFFIRMED.**